SHERIFF'S ENTRY OF SERVICE     SC-85-2     **SERVE**

Civil Action No. _CE20-00456_

Date Filed _3-30-20_

Superior Court ☒
State Court ☐
Juvenile Court ☐
Magistrate Court ☐
Probate Court ☐

Georgia, _Alimes_ COUNTY

Attorney's Address

_Joseph H. Ferrier_
_1901 Gloucester St._
_Brunswick, Ga 31520_

_Paul Ferra, Sr._     Plaintiff

VS.

Name and Address of Party to be Served

_Registered Agent CSC of Cobflo. Inc._
_192 Anderson St. S.E., Suite 125_
_Marietta, Ga 30060_

_Winn Dixie Stores, Inc. d/b/a_
_Winn Dixie Store #60_     Defendant

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

I have this day served the defendant _____ personally with a copy of the within action and summons. ☐

**NOTORIOUS**

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County. ☐

Delivered same into hands of _____ described as follows age, about_____years; weight, about_____pounds; height, about_____feet and_____inches, domiciled at the residence of defendant.

**CORPORATION**

Served the defendant _Winn Dixie Stores Inc_ a corporation ☒
by leaving a copy of the within action and summons with _CSC of Cobb County_
in charge of the office and place of doing business of said Corporation in this County. _p Tami Thompson_

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises ☐ designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

Diligent search made and defendant _____ ☐
not to be found in the jurisdiction of this Court.

This _9th_ day of _April_, _2020_

_Shami 99067_

DEPUTY

SHERIFF DOCKET_____ PAGE_____

WHITE-CLERK  CANARY-PLAINTIFF  PINK-DEFENDANT

## Exhibit "B"



IN THE SUPERIOR COURT OF GLYNN COUNTY
STATE OF GEORGIA

PAUL FERRA, SR.;                          *
                                          *  CIVIL ACTION NO.: CE20- __00456__
        Plaintiff,                        *
vs.                                       *
                                          *
WINN DIXIE STORES, INC., d/b/a            *
WINN DIXIE STORE #60,                     *
                                          *
        Defendant.                        *

---

### SUMMONS

TO:   The above-named Defendant:

        You are hereby summoned and required to file with the Clerk of said Court and to serve

upon JOSEPH H. FERRIER, the Plaintiff's attorney, whose address is 1901 Gloucester Street,

Brunswick, GA  31520, appropriate defensive pleadings to the Complaint for Damages which is

herewith served upon you, within thirty (30) days after service of this Summons upon you,

exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you

for the relief demanded by the Complaint.

        This __30th__ day of ___MARCH_____, 2020.


                                /s/ Madison Browning
                                _____
                                Clerk, Superior Court of Glynn County

FILED - MB
GLYNN CO. CLERK'S OFFICE
3/30/2020 12:52 PM
CASE # CE20-00456

*Ronald M. Adams*
CLERK SUPERIOR COURT

IN THE SUPERIOR COURT OF GLYNN COUNTY
STATE OF GEORGIA

PAUL FERRA, SR.,

      Plaintiff,

vs.

WINN DIXIE STORES, INC., d/b/a
WINN DIXIE STORE #60,

      Defendant.

\*
\* CIVIL ACTION NO.: CE20- 00456
\*
\*JUDICIAL OFFICER: JUDGE LANE
\*
\*
\*
\*

## COMPLAINT FOR DAMAGES

COMES NOW PAUL FERRA, SR., Plaintiff in the above-styled action, and by and through his attorney, Joseph H. Ferrier, and states his claim against Defendant and shows the Court the following:

1.

Plaintiff, Paul Ferra, Sr., is a resident of Glynn County, Georgia and currently resides at 108 Greer Drive, Brunswick, Georgia 31520.

2.

Defendant Winn Dixie Stores, Inc., d/b/a Winn Dixie Store #60 (hereinafter "Winn Dixie Store #60"), upon information and belief, is a corporation organized under the laws of the State of Georgia and authorized to do business in the State of Georgia. Defendant's principal office is located at 8928 Prominence Parkway, #200, Jacksonville Florida 32256. Defendant is subject to the jurisdiction and venue of this Court and may be served through its registered agent for service of process, CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, GA 30060.

1

3.

This is a negligence action brought by Plaintiff to recover all damages suffered as a result of Defendant's failure to keep the premises of the Winn Dixie Store #60, located at 1919 Glynn Avenue, Brunswick, Glynn County, Georgia, in a safe condition, which ultimately caused Plaintiff to suffer personal injuries and excruciating pain.

4.

On or about May 8, 2018, Winn Dixie Store #60, located at 1919 Glynn Avenue, Brunswick, Georgia, was open to the public and they controlled and maintained all areas of the Winn Dixie Store #60, including but not limited to the floor inside the store at all times pertinent herein.

5.

On May 8, 2018 Plaintiff, Paul Ferra, Sr., entered Winn Dixie Store #60 for the specific purpose of buying grocery and/or household items.

6.

Upon entering said premises, Plaintiff assumed the legal status of an invitee as the term is defined under Georgia law.  Plaintiff, Paul Ferra, was at all times relevant hereto, lawfully on the premises operated by Defendant, Winn Dixie Store #60.

7.

While a business invitee on the premises, Plaintiff slipped and fell due to an unmarked unattended pool of water that had come from an apparent leak from the ceiling, in that there were exposed areas in all of the ceiling that had sustained damage during a storm.

2

8.

Plaintiff's fall was the direct result of the unsafe condition in which the floor was maintained and therefore constituted a dangerous condition.

9.

Defendant has full responsibility of making inspections and determining whether the store is safe for public guests, or at least warning the public guests by using flags and/or cones, that there is a dangerous area and to use caution.

10.

Defendant was negligent in failing to keep and maintain the premises, including the floor in a safe condition.

11.

As a direct and proximate result of Defendant's negligence, Plaintiff suffered severe physical injuries.

12.

As a direct and proximate result of Defendant's negligence, Plaintiff suffered excruciating and severe pain to his back, neck, head, both hips, and other injuries causing extensive medical treatment, including x-rays, CTs, MRIs, and physical therapy for such injuries. Due to his severe head injury, Plaintiff's eardrum ruptured, and he has a great loss of hearing and is currently still seeking treatment, including but not limited to, being evaluated for a hearing aid.

13.

Defendant has actual and/or constructive knowledge of the dangerous condition on the property which was superior to the knowledge Plaintiff had of said condition.

14.

Defendant failed to warn Plaintiff of the dangerous condition on its property.

15.

At all times relative to this incident, Plaintiff was exercising due care for his own safety.

16.

Plaintiff has a right to recover for all general and special damages associated with his personal injury, including, but not limited to, pain and suffering.

17.

The leaks in the store's ceiling that caused the puddles of water to be on the store floor that caused Plaintiff's fall sustaining his numerous injuries, was negligently maintained in such a manner to make it dangerous for all invitees.

18.

Plaintiff did not know of the dangerous conditions of the store until after it caused his injuries.

19.

At all times relevant hereto, Plaintiff was exercising ordinary care for his own safety and could not have avoided the consequences of Defendant's negligence.

20.

Before Plaintiff's injury on May 8, 2018, Defendant knew or should have known of the danger the leaking ceiling would present to Plaintiff and others.

21.

Defendant owed a duty of ordinary care to Plaintiff to notify or warn him of any dangerous condition in existence.

4

22.

Defendant failed to warn Plaintiff of the dangerous condition of the floor inside the store.

23.

Defendant owed a duty of ordinary and reasonable care to Plaintiff and others to maintain and inspect the premises in accordance with Georgia law.

24.

Prior to Plaintiff's injury on May 8, 2018, Defendant had not acted reasonably in inspecting or maintaining the floor so as to prevent or correct the hazardous condition.

25.

Plaintiff suffered serious personal injuries as a result the hazardous condition on the floor of Defendant's establishment.

26.

Plaintiff's personal injuries were proximately caused by the negligence of Defendant in:

a)      failing to warn of the dangerous conditions of the wet floor inside Defendant's store #60;

b)      failing to place proper warning signs in the area of the wet floor inside Defendant's store #60;

c)      failing to inspect the floor areas inside Defendant's store #60 as to discover the hazard; and

d)      failing to otherwise maintain the floor in a safe condition.

27.

As a direct and proximate result of Defendant's negligence as set forth above, Plaintiff sustained bodily injury, endured and continues to endure pain and suffering, has incurred

5

medical expenses that shall be itemized by an appropriate amendment to this Complaint or set forth specifically in the pre-trial order to be filed in this case.

**WHEREFORE,** Plaintiff respectfully prays for the following:

a) that the Summons and Complaint be served upon Defendant as provided by law;

b) that judgment be entered against Defendant for Plaintiff's pain and suffering, and medical expenses in an amount to be in excess of $100,000.00

c) that Plaintiff have trial by jury; and

d) for such other relief as the Court shall deem just and proper.

This 30th day of March, 2020.

JOSEPH H. FERRIER
Attorney for Plaintiff
GA Bar No.: 259250

**FERRIER & FERRIER, P.C.**
**P.O. Box 1681**
**Brunswick, GA 31521**
**(912) 264-8972 Office**
**(912) 264-8979 Fax**
**joeferrierlaw@gmail.com**

## VERIFICATION

Personally appeared before the undersigned officer authorized to administer oaths this day, appeared **PAUL FERRA, SR.** who after being duly sworn, states that the statements contained in the foregoing are true and correct to the best of his knowledge and belief.

This ___23rd___ day of ___March___, 2020.

_Paul Ferra Sr._

**PAUL FERRA, SR.**

Sworn to and subscribed before me
this 23rd day of ___March___, 2020.

_Donna Lee Perry_
NOTARY PUBLIC,
My commission expires:

FILED - MB
GLYNN CO. CLERK'S OFFICE
3/30/2020 12:52 PM
CASE # CE20-00456

_Ronald M. Adams_
CLERK SUPERIOR COURT

IN THE SUPERIOR COURT OF GLYNN COUNTY
STATE OF GEORGIA

| | |
|---|---|
| PAUL FERRA, SR., | * |
| | * CIVIL ACTION NO.: CE20-__00456__ |
| Plaintiff, | * |
| vs. | * |
| | * |
| WINN DIXIE STORES, INC., d/b/a | * |
| WINN DIXIE STORE #60, | * |
| | * |
| Defendant. | * |

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

COMES NOW Plaintiff, PAUL FERRA, SR., in the above-captioned action and, pursuant to

Superior and State Court Uniform Rule 5.2, certifies that the following PLAINTIFF'S FIRST

INTERROGATORIES TO DEFENDANTS has this day been delivered to Registered Agent for

Defendant WINN DIXIE STORES, INC. d/b/a/ WINN DIXIE STORE #60, CSC of Cobb County,

Inc., 192 Anderson Street SE, Suite 125, Marietta, GA 30060,  by causing a copy to be:

☐ deposited in a properly addressed envelope with sufficient
postage affixed thereto and placed into first class mail.
☐ delivered via telecopier to:
☐ delivered electronically to:
☑ delivered to the party, counsel or his agent by hand, via process server/Deputy Sheriff.

This 30th day of _March_ , 2020.

_Joseph H. Ferrier_
JOSEPH H. FERRIER
Attorney for Plaintiff
GA Bar No.: 259250

**FERRIER & FERRIER, P.C.**
**1901 Gloucester Street**

Brunswick, GA 31520
(912) 264-8972 Office
(912) 264-8979 Fax
joeferrierlaw@gmail.com

IN THE SUPERIOR COURT OF GLYNN COUNTY
STATE OF GEORGIA

| | |
|---|---|
| PAUL FERRA, SR., | * |
| | * CIVIL ACTION NO.: CE20- $00456$ |
| Plaintiff, | * |
| vs. | * |
| | * |
| WINN DIXIE STORES, INC., d/b/a | * |
| WINN DIXIE STORE #60, | * |
| | * |
| Defendant. | * |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

The Plaintiff submits these interrogatories to Defendant demanding that they be answered

within thirty (30) days pursuant to O.C.G.A. §9-11-26, *et seq.*, and all other pertinent provisions

of the Georgia Civil Practice Act.

NOTE A:    When used in these interrogatories, the term "Defendant" or "you" or any

synonym thereof, is intended to and shall embrace and include, in addition to Defendant, counsel

for Defendant and all agents, servants, employees, representatives, private investigators,

insurance adjusters and others who are in possession of or may have obtained information for or

on behalf of Defendant.

NOTE B:    These interrogatories shall be deemed continuing so as to require

supplemental answers in accordance with O.C.G.A. §9-11-26(e) if you or your attorney obtain

further information between the time the answers are served and the time of trial.    Any

supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days

from receipt of such additional information, but not later than the time of trial.

NOTE C:    As used in these Interrogatories, a request to identify a natural person or legal entity required you to state the name, home and business address, home and business telephone number, and present whereabouts of any such person or entity.

NOTE D:    As used in these Interrogatories, the term "document(s)" shall be deemed to mean and include written, typed, photographed, printed, recorded, electronic or graphic matter, however produced or reproduced or any kind and description, and whether original, master, duplicate or a copy.

NOTE E:    Any reference in these Interrogatories to the term communications" shall be to mean and include written, oral, and electronic communications of any kind and description.

NOTE F:    Any reference in these Interrogatories to the calling and/or use of an expert witness at a hearing or trial in this case shall encompass and include such person's live testimony, testimony by deposition upon oral examination, deposition by videotape or digital recording, testimony by deposition upon written examination, testimony by affidavit, and testimony by narrative medical report.

1.

Please identify the person or persons responding to these Interrogatories on behalf of the Defendant, Winn Dixie Store #60, and identify each person who has provided information in connection with these Interrogatories.

2.

Identify the owner of the Winn Dixie Store #60, 1974 Glynn Avenue, Brunswick, Georgia 31520.

3.

Identify the party(ies) who was responsible for maintaining the public shopping areas of the Winn Dixie Store #60.

4.

Identify each person with whom you are aware that:

a.    Witnessed the incident or the events occurring immediately before or after the incident; and/or who

b.    Heard any statements made about the incident by any individual at the scene.

5.

Identify each employee with personal knowledge of the incident.

a.    For each such individual, identify his or her job title and job or function which was being performed by that individual at the time of the incident.

6.

Identify each person interviewed concerning the incident.  For each such person, state:

a.    The date of the interview

b.    The substance of the interview

If the interview was recorded and/or transcribed, a reproduction of the recording and/or transcript will suffice.

7.

Identify each and every written report made by any person concerning the incident.

8.

Please state in your own words, what you believe happened to Plaintiff inside the Winn Dixie Store #60 on May 28, 2018, located at 1941 Glynn Avenue, Brunswick, Georgia 31520 and include in your Answer the basis upon which you have formed that belief.

a.      Identify each person (excluding your attorney) who provided you with information which enabled you to respond to this interrogatory.

9.

Identify all persons whom you intend to call as expert witnesses at the trial of this case, and for each such expert, identify:

a.      The subject matter on which he or she is expected to testify;

b.      The substance of the facts and opinions to which he or she is expected to testify;

c.      A summary of the grounds for each opinion to which he or she will testify; and

d.      The basis upon which he or she qualifies as an expert on the subject matter to which he or she is expected to testify.

10.

Please identify your correct legal entity and identify stating the date on which such entity was formed, the State of incorporation, the name(s) and address(es) of all officer, directors, general partners, limited partners and all other parties with any interest in your organization.

11.

Identify any previous or subsequent incidents of which you are aware which occurred in substantially the same manner as the incident complained of in this lawsuit which also occurred in the shopping areas of Winn Dixie Store #60.

12.

Identify in detail any changes and/or repairs that have been made by anyone on behalf of Winn Dixie Store #60, as to the physical site of the accident or as to any warnings or signs relating thereto since the occurrence in question.

13.

Identify any and all procedures which were followed at and before the time of the incident in question, concerning the inspection, repair and cleaning of the area where Plaintiff's injuries occurred.

14.

Identify any warnings, whether verbal or written (such as by a sign, or otherwise) which were given to the Plaintiff before the accident, concerning the condition which caused or contributed to the incident complained of in this lawsuit.

15.

Identify any admission(s) or declaration(s), if any, against interest which you contend were made by the Plaintiff following the incident in question.

16.

Identify the date on which you were first notified of the fact that the shopping area had not been properly cleared of water in the area where the Plaintiff fell and which is the subject of this lawsuit and identify the manner by which you became aware of this information.

17.

At the time of Plaintiff's injury, do you contend that any person or entity other than you managed the premises on which Plaintiff alleges he was injured and, if so, state each and every

fact on which you base the contention and identify each and every writing that supports the contention?

18.

At the time of Plaintiff's injury, do you contend that any person or entity other than you and your employees and agents were responsible for the maintenance of the premises on which Plaintiff alleges he was injured and, if so, state each and every fact on which you base your contention and identify each and every writing that supports the contention?

19.

Describe in detail any conversations any representative has had with the Plaintiff prior to or following the incident in question.

20.

What efforts were made by the Defendant to correct the condition which Plaintiff contends caused the occurrence in question after the accident in question?

21.

Please describe what training procedures, if any, are followed in the course of training of Defendant's employees with regard to their patrons slipping and/or falling. This includes any and all written material. Slides, photographs, films, videotapes, etc. which Defendant utilizes in training its employees.

22.

Were any statements concerning the incident made to any police officer, private investigator, insurance company agent or adjuster, or anyone else? If so, state:

a.     The name, address and employer of the person to whom the statement was made;

b.     The date of each statement;

c.   Whether the statement was oral or written, and if oral, whether it was recorded; and

d.   The name and address of the custodian(s) of each statement.

This 30th day of _____ March _____, 2020.

JOSEPH H. FERRIER
Attorney for Plaintiff
GA Bar No.: 259250

**FERRIER & FERRIER, P.C.**
**P.O. Box 1681**
**Brunswick, GA 31521**
**(912) 264-8972 Office**
**(912) 264-8979 Fax**
**joeferrierlaw@gmail.com**

7

FILED - MB
GLYNN CO. CLERK'S OFFICE
3/30/2020 12:52 PM
CASE # CE20-00456

*Ronald M. Adams*
CLERK SUPERIOR COURT

IN THE SUPERIOR COURT OF GLYNN COUNTY
STATE OF GEORGIA

| | |
|---|---|
| PAUL FERRA, SR., | * |
| | * CIVIL ACTION NO.: CE20-00456 |
| Plaintiff, | * |
| vs. | * |
| | * |
| WINN DIXIE STORES, INC., d/b/a | * |
| WINN DIXIE STORE #60, | * |
| | * |
| Defendant. | * |

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

COMES NOW Plaintiff, PAUL FERRA, SR., in the above-captioned action and, pursuant to Superior and State Court Uniform Rule 5.2, certifies that the following PLAINTIFF'S FIRST NOTICE TO PRODUCE AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS has this day been delivered to Registered Agent for Defendant WINN DIXIE STORES, INC. d/b/a/ WINN DIXIE STORE #60, CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, GA 30060, by causing a copy to be:

☐   deposited in a properly addressed envelope with sufficient postage affixed thereto and placed into first class mail.
☐   delivered via telecopier to:
☐   delivered electronically to:
☑   delivered to the party, counsel or his agent by hand, via process server/Deputy Sheriff.

This 30th day of March, 2020.

JOSEPH H. FERRIER
Attorney for Plaintiff
GA Bar No.: 259250

**FERRIER & FERRIER, P.C.**
**1901 Gloucester Street**
**Brunswick, GA 31520**
**(912) 264-8972 Office**
**(912) 264-8979 Fax**
**joeferrierlaw@gmail.com**

IN THE SUPERIOR COURT OF GLYNN COUNTY
STATE OF GEORGIA

PAUL FERRA, SR.,                                *
                                                *  CIVIL ACTION NO.: CE20- 00456
          Plaintiff,                            *
vs.                                             *
                                                *
WINN DIXIE STORES, INC., d/b/a                  *
WINN DIXIE STORE #60,                           *
                                                *
          Defendant.                            *

---

### PLAINTIFF'S FIRST NOTICE TO PRODUCE AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Pursuant to O.C.G.A. §9-11-34 and §9-11-30(b)(5), and §24-10-26, Plaintiff requests that

Defendant, Winn Dixie Stores, Inc., d/b/a/ Winn Dixie Store #60, [hereinafter referred to as

"Winn Dixie"] respond separately, in writing and under oath, to the following request for

production of documents within thirty (30) days from the date of service, as provided by law,

with a copy of the responses being served upon the undersigned counsel of record for Plaintiff at

1901 Gloucester Street, Brunswick, Georgia 31520.

### DEFINITIONS AND INSTRUCTIONS

**(A)** This request for production of documents shall be deemed continuing to the extent permitted
by O.C.G.A. 9-11-26(e), so as to require Defendant to serve upon the Plaintiff supplemental
answers if Defendant, or its attorneys, obtain further information between the time the answers
are served and the time of trial.

**(B)** Whenever production is requested of a document which is no longer in your possession,
custody or control, your response should identify the document by name, number, form or
description, and by date made, and the date which the document was most recently in your
possession, custody and control, the disposition made of the document, and the identity of the
person or person now in possession, custody or control of such document. If the document has
been destroyed, the response should state the reason for its destruction and the identity of the
person or persons who destroyed the document and who directed that document to be destroyed.

1

**(C)** If you object to part of a request and refuse to answer that part, state your objections and answer the remaining portion of that request. If you object to the scope or time period of the request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate.

If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please state so and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your response is qualified in any particular, please set forth the details of such qualifications.

**(D)** In the event you wish to assert attorney-client privilege or work-product exclusion, or both, as to any document requested by any of the following specific requests, then as to each document subject to such assertion, you are requested to provide plaintiff with identification of such document in writing, such identification to include the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom the original of any copy was circulated, the names appearing on any circulation list of the department associated with such document, a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion to compel, and an indication of the basis for assertion of the privilege or the like.

**(E)** The following definitions shall apply to this request:

(1) The term "the incident" as used in these requests shall mean the incident as described and alleged in Plaintiff's Complaint.

(2) When used in these requests, the term "defendant" or any synonym thereof is intended to and shall embrace and include, in addition to the said defendant, all agents, attorneys, representatives, private investigators, and others who are in a position to obtain or may have obtained information for or on behalf of the defendant.

(3) "Document," whether singular or plural, shall mean documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies of all memoranda, reports, evaluations, correspondence, interoffice communications or memoranda, agreements, contracts, invoices, checks, journals, ledgers, telegraphs, telexes, handwritten notes, periodicals, pamphlets, computer or business machine printouts, accountant's work papers, accountant's statements and writing, notations or records of meetings, books, papers, diaries, promissory notes, evidences of indebtedness, security interests, loan agreements, financing statements, deposit slips, advertising, office manuals, employee manuals, rules and regulations, reports of experts, drafts and copies of any of the foregoing, or such documents as are not an identical copy of an original or where such copy contains any commentary or other sound or visual production materials and any other written matter, tangible or physical objects, however produced or reproduced, upon which matter or tangible thing may be produced in the possession, custody or control of either defendant or their agents, attorneys, or employees.

(4) "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization or group of persons.

## REQUEST FOR PRODUCTION

1.

Copies of any and all logs, incident reports, investigative memoranda, photographs, documents and charts or graphs relating to matters which are the subject of this Complaint.

2.

Copies of any and all statements, whether recorded, oral or otherwise, in your control or obtained in your behalf, of any person relating to the incident complained of in the Complaint.

3.

Copies of any and all documents that in any way mention or refer to ceiling leaks and/or ceiling repairs to the Winn Dixie #60 at any time prior to May 28, 2018.

4.

Copies of any and all reports, inner-store memoranda or other documents relating to matters which are the subject of this Complaint which were prepared in the normal course of business.

5.

A copy of any surveillance movies or photographs which have been made of the scene of the incident for a period of four (4) hours prior to the incident until four (4) hours after the incident.

6.

Copies of any and all insurance policies and related documents, including the declarations pages, which do or may afford liability insurance coverage to the Defendant with

regard to Plaintiff's claims.   This request includes primary insurance coverage, medical-payments coverage, and documents regarding reservation of rights for the same.

7.

Copies of any and all documents, letters, photographs, or other items of tangible evidence not included in this request which prove, support or defend any element or relates to any claim or defense against Plaintiff.

8.

Copies of any and all documental evidence not included above which is relevant to any issue in this action which might lead to the production of other evidence which is admissible.

9.

Copies of any and all reports, memorandum or notes from any individual who has investigated any aspect or element of the subject incident.

10.

Copies of any and all documents that support any defenses raised in your Answer, or any relevant fact to this litigations.

11.

Copies of any and all claims forms, accident reports, or other documentation evidencing prior or subsequent complaints of problems with the ceiling leaking onto the floor at Winn Dixie store #60.

12.

Copies of reports of any and all similar incidents prepared by any and all employees of the premises in question from one (1) year prior to the incident up to and through the time of trial.

13.

All documents relating to plans for repairing, improving, and/or replacing the ceiling considered or undertaken by Defendant for the Winn Dixie store #60 in Brunswick, Georgia at any time prior to or after May 28, 2018.

14.

All documents relating to plans for repairing, improving, and/or replacing the ceiling considered but not implemented by Defendant for the ceiling in questing for any time prior to or after May 28, 2018.

15.

All documents, photographs, and drawings that depict the layout of the ceiling in question, including documentation reflecting the layout of the area where Plaintiff was injured.

16.

All documents evidencing, reflecting, relating to or constituting any communication between any employee, manager, assistant manager, district manager, etc. and Plaintiff.

17.

All documents supporting or relating to Defendant's contentions of Plaintiff negligence causing his own fall and bodily injuries, if any.

18.

Please provide all reports received from any experts who have investigation any issue relevant to the subject incident and relevant to this lawsuit. Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

19..

Please provide all notes, memoranda, minutes, and other written evidence of safety meetings held by Defendant, your employees, agents or independent contractors for the past five (5) years.

20.

All correspondence, citations, notices, or warnings from any government entity during the past five (5) years concerning any possible building, fire, or safety code violations relating to Winn Dixie store #60.

21.

Any indemnity agreement between this Defendant and any non-party, which is relevant to the incident and injuries made the basis of this suit.

22.

A copy of any legal documents that document Defendant's status as a legal entity, corporation, partnership, sole proprietorship, or joint venture.

23.

Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, and/or service of the premises in question.

24.

Any and all documentation, which would evidence changes and/or repairs that have been made by Defendant, to the physical site of the incident since the occurrence in question.

25.

Copies of any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

26.

A current copy of the curriculum vitae together with any other documents in your possession pertaining to the credentials and qualifications of any and all experts to be called by the Defendant to testify at trial.

27.

All documents identified by Defendant in response to any of Plaintiff's Interrogatories.

28.

All documents which refer to the times the premises were actually inspected on the date of the incident and every day of the preceding and subsequent week, by whom the inspection was made, and what inspection method was used to notify and prevent pools of water from a leaky ceiling to be left unnoticed by employees/inspectors.

29.

Any and all directives, orders, memos or written policies reflecting the time, place, manner, and circumstances customer accident/incident report forms are to be completed.

This 30th day of March, 2020.

JOSEPH H. FERRIER
Attorney for Plaintiff
GA Bar No.: 259250

7

FERRIER & FERRIER, P.C.
P.O. Box 1681
Brunswick, GA 31521
(912) 264-8972 Office
(912) 264-8979 Fax
joeferrierlaw@gmail.com